UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK-
----------------------------------------------------------x
ROBERT FRANCHINO,

                              Plaintiff,
                                                                    05 Cv. 08070 (CLB)
              - against -
                                                                    ***Memorandum and Order***

HERTZ VEHICLE, LLC, CHERYL A. WILEY
and DANIEL A. MITCHELL,

                              Defendants.
----------------------------------------------------------x
Brieant, J.

       Before the Court in this diversity personal injury action is a motion for summary

judgment (Doc. No. 10) filed on April 24, 2006, by defendant Hertz. Plaintiff is a New York

resident who filed suit in the New York State Supreme Court, claiming that he sustained "serious

injury" as defined in the Insurance Law.  Defendant Hertz Corporation removed the case to

District Court, based on diversity jurisdiction, as defendant Hertz is a Delaware corporation with

its principal place of business in New Jersey.  The individual Defendants are citizens of

Pennsylvania.  Defendant Daniel A. Mitchell rented the vehicle from Hertz and was a passenger

in the vehicle during the incidents relevant to this case. Defendant Cheryl A.Wiley was driving

the vehicle.


       Unless otherwise noted, the following facts are undisputed or presumed true for purposes

of this motion only.  On April 3, 2004, plaintiff Robert Franchino was a  police officer on duty

for the Town of Clarkstown, in Rockland County, New York. At approximately 5:30 or 6:30 pm,

Plaintiff was operating a Ford police cruiser and was assisting several other police officers who

1

were investigating a report of ongoing criminal activity at the "BJ's Wholesale Club" store in the Palisades Mall. Plaintiff was waiting in his vehicle in the parking lot of the Mall, and received a call on the police radio that a Toyota Highlander with Pennsylvania plates DGK5494, was occupied by the suspects, and was attempting to leave the parking lot.

Plaintiff spotted the vehicle, and became positioned behind it on the ring road surrounding the Mall. Plaintiff avers that when he activated his siren and lights, the Toyota reduced its speed. Franchino pulled to the left of the Toyota, into the oncoming traffic lane and at that time, the driver of the Toyota, defendant Cheryl A.Wiley, swerved suddenly into that lane and collided with Franchino's vehicle, for the first time. Franchino avers that his "impression" was that Wiley swerved into his lane to avoid colliding with a third vehicle, a Plymouth, which had stopped in front of the Toyota. It was in this first collision that Plaintiff was injured.

After the first collision, the Toyota continued on in the parking lot and Plaintiff continued to pursue or follow it. Franchino contends that defendant Wiley was driving erratically, weaving into and out of lanes, and then suddenly attempted to go to her left around a concrete island in the parking lot. Plaintiff went to the right around the island, and contends that Wiley then abruptly changed direction, attempting to go right around the traffic island, and because it was directly in the path of Plaintiff's car, Plaintiff hit the Toyota, constituting a second collision between these two cars.

Defendant Wiley exited the vehicle, and appeared to be confused and disoriented.

2

Shortly before the accident, defendants Wiley and Mitchell had stolen property from BJ's

Wholesale Club by using one or more forged credit cards.  As noted below, criminal liability

resulted from their actions.


      Plaintiff sues Defendants for "serious injury" incurred during the incident, allegedly due

to Wiley's negligence in operating the vehicle.

      New York Vehicle and Traffic Law provides the following, in pertinent part.

> *Negligence in use or operation of vehicle attributable to owner:* [] Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property *resulting from negligence* in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.

NY CLS Veh & Tr § 388 (emphasis added).


      Hertz argues that it cannot be held vicariously liable for what it claims were intentional

acts of Wiley, because an owner of a vehicle in New York State is vicariously liable only for the

*negligence* of a permitted operator of a vehicle, and not for intentional acts.  Hertz contends that

the actions of defendant Wiley were undeniably intentional and were conducted in her deliberate

and admitted attempt to evade arrest.  It contends that Wiley deliberately struck Plaintiff's police

cruiser, in order to avoid apprehension.


      Hertz relies heavily on the fact that Wiley and Mitchell were arrested, charged and

indicted for multiple felonies, including assault in the second degree of plaintiff Sergeant

Franchino, criminal mischief in the third degree, and reckless endangerment in the first degree.

In June 2004, defendant Daniel Mitchell pled guilty to crimes including forgery in the second degree and was sentenced to five years probation. In July 2004, defendant Wiley pled guilty to crimes charged including assault in the second degree and forgery in the second degree, and was sentenced to one to three years in jail. Wiley admitted during her plea allocution that she intended to prevent another officer, PO Nicholas Veltri from performing a lawful duty, and in so doing, caused him physical injury, and that she was trying to get away from the police and prevent them from arresting her. *Hertz, Exh. H at p. 6, 8.*

Plaintiff contends that his claim is not precluded by law, because issues of material fact exist as to whether Wiley acted negligently or intentionally when the cars collided. Plaintiff avers by affidavit:

> Based on what I observed at the time of the incident, I do not believe that the operator of the Toyota intentionally struck my vehicle, for the reason that the first collision occurred when the Toyota swerved into my lane in an attempt to avoid colliding with the Plymouth that had stopped in front of it, and the second collision occurred when I was unable to stop my vehicle in time to avoid colliding with the Toyota after it had changed direction and cut in front of me.

*Franchino Affidavit at ¶13.*

*Discussion*

Fed. R. Civ. P. 56(c) provides that summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." In evaluating the record to determine whether there is a genuine issue as to any material fact, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

Plaintiff's admissions for purposes of a criminal plea allocution going to her intent in evading arrest are not dispositive of the question of her intent when the Hertz car collided for the first or second time with Plaintiff's car. The plea she entered in state court does not give rise to issue preclusion here, as the issue of Wiley's intentional versus negligent behavior when Plaintiff was injured has not been adjudicated. Even if her guilty plea includes admission to a crime involving intent, there was no full and fair opportunity in that proceeding, for Franchino, or any other parties to litigate the issue of negligence versus intentional conduct. The only parties were Wiley and The People of the State of New York, represented by the District Attorney. The police reports, which in this case, recite that Wiley had an intent to evade arrest, are not dispositive of her actual intent or lack thereof in steering the Hertz car so as to collide with Plaintiff's car. *See Faulk v. Vital*, 16 A.D.3d 544 (N.Y. App. Div. 2005) (2d Dept.) (Contrary to the appellant's [Nissan's] contention, it failed to submit evidence sufficient to establish its entitlement to judgment as a matter of law, as triable issues of fact exist as to whether the defendant driver intentionally struck the injured plaintiff). Indeed a collision would seem inconsistent with the whole idea of evading arrest in this case.

Plaintiff avers that the Toyota slowed down when he began to follow it. He avers that

Wiley first struck his vehicle in her attempt to avoid hitting another vehicle in her path, and asserts that in the second collision, he struck the Toyota, which had steered suddenly into his path. If proved, these facts could be construed by reasonable jurors to indicate a lack of intent to commit assault by automobile, but rather, negligent operation.

Issues of fact concerning the intent of defendant Wiley preclude the grant of summary judgment.  The motion is denied.

X

X

X

X

X

SO ORDERED.

SO ORDERED.

Dated: White Plains, New York
      June 23, 2006

_Charles Brieant_
Charles L. Brieant, U.S.D.J.